

eportaluser

Expand All

| Case Number | Filed Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|
| 062018CA009500AXXXCE [CACE-18-009500] | 04/27/2018 | BROWARD | | Pending | No | No |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| RODRIGUEZ, CARLOS AUGUSTO | JUDGE | | |
| AUDLEY, ADLIN | PLAINTIFF | HOOGERWOERD, PETER MICHAEL | 188239 |
| UNIVERSITY OF PHOENIX INC | DEFENDANT | KEYSER, ELAINE WILKINSON | 13606 |
| HOOGERWOERD, PETER | ATTORNEY | | |
| KEYSER, ELAINE W ESQ | ATTORNEY | | |

**Dockets**

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| 📄 | 7 | 05/30/2018 | Order Extending Time | 1 |
| 📄 | 6 | 05/25/2018 | Motion for Enlargement of Time | 3 |
| | 5 | 04/27/2018 | Summons Issued Fee Payor: NATHALY LEWIS ; Userid: CTS-fg/t ; Receipt: 20181FA1A056803; ; | |
| | 4 | 04/27/2018 | Filing Fee Payor: NATHALY LEWIS ; Userid: CTS-fg/t ; Receipt: 20181FA1A056803; ; | |
| 📄 | 3 | 04/27/2018 | eSummons Issuance University of Phoenix Inc | 1 |
| 📄 | 2 | 04/27/2018 | Complaint (eFiled) | 11 |
| 📄 | 1 | 04/27/2018 | Civil Cover Sheet | 2 |

**Judge Assignment History**

**Court Events**

**Financial Summary**

**Reopen History**

# EXHIBIT A

# EXHIBIT A

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I. CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Adlin Audley</u>
Plaintiff

vs.

<u>The University of Phoenix Inc</u>
Defendant

## II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

III. **REMEDIES SOUGHT** (check all that apply):
  ☒ Monetary;
  ☒ Non-monetary declaratory or injunctive relief;
  ☒ Punitive

IV. **NUMBER OF CAUSES OF ACTION:** (   )
  (Specify)

  4

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ Yes
  ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ No
  ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ Yes
  ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Nathaly Lewis    FL Bar No.: 118315
  Attorney or party                                                    (Bar number, if attorney)

  Nathaly Lewis 04/27/2018
  (Type or print name)                                                 Date

EXHIBIT A

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

ADLINE AUDLEY

    Plaintiff,

vs.                                             Case No.

THE UNIVERSITY OF PHOENIX, INC

    Defendant.

_____/

# COMPLAINT

    **COMES NOW** Plaintiff, ADLINE AUDLEY ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, THE UNIVERSITY OF PHOENIX INC ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA"), to redress injuries resulting from Defendant's unlawful, race, color and national origin-based discriminatory treatment of and retaliation against Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

3. Defendant is Foreign Profit Corporation, authorized to conduct business in the State of Florida and having its main place of in Broward County, Florida.

4. Venue is proper in Broward County because all of the actions that form the basis of this Complaint occurred within Broward County.

5. Plaintiff was an employee covered by the FCRA in that she was subjected to negative, disparate treatment by her employer based on her race, color, national origin, and or complaints of discrimination.

6. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA (Fla. Stat. § 760.02(7)).

7. Plaintiff alleges causes of action for violations of the FCRA as a result of the adverse treatment to which Defendant subjected Plaintiff, including but not limited to, termination.

8. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), the agency which is responsible for investigating claims of employment discrimination which was dually filed with the Florida Commission on Human Relations.

9. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

11. The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff is a Black, Haitian individual, and within a class of individuals protected by the FCRA.

13. Plaintiff worked for the Defendant from January 2007 to on or about July 10, 2017 when she was terminated.

14. Throughout her employment Plaintiff was able to perform the essential functions of her job duties and responsibilities, and at all relevant times she did perform her job at satisfactory or above-satisfactory levels.

15. While employed with the Defendant, Plaintiff was treated less favorably than other similarly situated employees because of her status as a Black, Haitian individual.

16. Specifically, her supervisors Charlene (LNU) (Non-black from Trinidad) and Luz (LNU) (non-black Hispanic) would subject Plaintiff to a hostile work environment by yelling at Plaintiff and prohibiting Plaintiff from speaking in creole, her native language. Even when students approached her and spoke to her in creole.

17. However, Hispanic employees, including Luz, were allowed to speak in Spanish to the students and amongst them.

18. Plaintiff also heard supervisor Charlene make discriminatory comments and treat black employees differently by banning them from the school lobby.

19. Plaintiff made several complaints about the discriminatory treatment.

20. To Plaintiff's knowledge, No action was taken against supervisors Charlene (LNU) or Luz (LNU).

21. On or about July 10, 2017, Plaintiff was terminated.

22. Plaintiff's National Origin, race, and/or color, were, at minimum, a motivating factor in Defendant's decision to terminate Plaintiff.

23. Any reason proffered by Defendant for Plaintiff's termination is mere pretext for unlawful discrimination.

## COUNT I
### *National Origin Discrimination in Violation of the FCRA*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. Plaintiff is a member of a protected class under the FCRA to wit, Haitian.

26. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's National Origin and subjected the Plaintiff to National Origin-based animosity.

27. Such discrimination was based upon the Plaintiff's National Origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Haitian.

28. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of National Origin was unlawful but acted in reckless disregard of the law.

29. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

30. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

31. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

32. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Florida law.

33. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to Florida

law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

34. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

  a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

  b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

  c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

  d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

  e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

  f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
*Race Discrimination in Violation of the FCRA*

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

36. Plaintiff is a member of a protected class under the FCRA to wit, Black.

37. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

38. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

39. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

40. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

41. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

42. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

43. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Florida law.

44. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to Florida

law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

45. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
*Color Discrimination in Violation of the FCRA*

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

47. Plaintiff is a member of a protected class under the FCRA to wit, Black.

48. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

49. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

50. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

51. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

52. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

53. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

54. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Florida law.

55. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to Florida

law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

56. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
*Retaliation in Violation of the FCRA*

57 Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

58 Plaintiff is a member of a protected class under the FCRA.

59  By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

60  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of National Origin was unlawful but acted in reckless disregard of the law.

61  As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

62  The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Florida law.

63  The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to Florida law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

64  Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: April 27, 2018

Respectfully submitted,

/s/ Nathaly Lewis
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
Nathaly Lewis, Esq.
Fla. Bar No. 118315
nl@rgpatttorneys.com
Michelle Muskus, Esq.
Fla. Bar No.:1003077
mm@rgpattorneys.com
**Remer & Georges-Pierre, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile

EXHIBIT A

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

ADLINE AUDLEY

    Plaintiff,

vs.        Case No.

THE UNIVERSITY OF PHOENIX, INC

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

TO: THE UNIVERSITY OF PHOENIX INC, through its Registered Agent:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

PETER M. HOOGERWOERD, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL, 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

APR 27 2018



CLERK          DATE

(BY) DEPUTY CLERK

BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL BRENDA FORMAN, CLERK 4/27/2018 2:20:43 PM.****

EXHIBIT A

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

ADLINE AUDLEY,   CASE NO. CACE-18-009500 Division: 14

    Plaintiff,

v.

THE UNIVERSITY OF PHOENIX, INC

    Defendant.

_____/

### DEFENDANT, THE UNIVERSITY OF PHOENIX, INC.'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, THE UNIVERSITY OF PHOENIX, INC. ("UOPH"), by and through the undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.090(b), moves for an unopposed extension of time, until and including June 8, 2018, within which to file a response to Plaintiff's Complaint. The good cause for this motion is as follows:

1. Plaintiff served his Complaint upon Defendant on May 7, 2018; thus, Defendant's response to Plaintiff's Complaint is presently due on or before May 25, 2018.

2. Due to the fact that counsel was only recently retained to represent Defendant, undersigned counsel requires an extension of time to complete an analysis of the legal issues raised in Plaintiff's Complaint and to prepare a responsive pleading. Moreover, defense counsel Lindsay Alter is currently out of the country.

3. Prior to filing the instant motion, Defense counsel contacted counsel for Plaintiff, and Plaintiff does not oppose the instant motion.

4. For the foregoing reasons, it is respectfully submitted that there is "good cause" for a two week extension of the deadline for Defendant to respond to Plaintiff's Complaint, through and including June 8, 2018.

DATED this 25th day of May, 2018.

Respectfully submitted,

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131
Tel: (305) 400-7500
Fax: (305) 603-2552

By: /s/ *Lindsay Alter*

Elaine W. Keyser
Florida Bar No. 13606
E-mail: *ekeyser@littler.com*
Secondary: kljackson@littler.com
Lindsay Alter
Florida Bar No. 103237
Email: *lalter@littler.com*
Secondary: btapia@littler.com

Counsel for DEFENDANT

EXHIBIT A

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of May 2018, a copy of the foregoing has been e-filed with the Florida Courts E-filing portal, and served via E-mail and U.S. Mail, on:

Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
Nathaly Lewis, Esq.
Fla. Bar No. 118315
pl@rgpattorneys.com
Michelle Muskus, Esq.
Fla. Bar No.;1003077
mm@rgpattorneys.com
**Remer & Georges-Pierre, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile

/s/ *Lindsay Alter*
Lindsay Alter, Esq.

Firmwide:154928548.1 073540.1137

3

EXHIBIT A

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

ADLINE AUDLEY,

    Plaintiff,

v.

THE UNIVERSITY OF PHOENIX, INC

    Defendant.

_____/

CASE NO. CACE-18-009500 Division: 14

**AGREED ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION
FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

THIS CAUSE came before the Court upon the Unopposed Motion of the Defendant, THE UNIVERSITY OF PHOENIX, INC., for the entry of an Agreed Order granting an extension of time to respond to Plaintiff's Complaint, and the Court, having reviewed the Motion and being otherwise fully apprised on the premises, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **GRANTED**. The Defendant shall have up to and including Friday, June 8, 2018, to respond to Plaintiff's Complaint.

**DONE and ORDERED** on this ____ day of May 2018.

_____
**CIRCUIT COURT JUDGE**

Copies to:
*Counsel of Record*
Firmwide:154928717.1 073540.1137

EXHIBIT A